# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TRACY MOOREHEAD, <br><br> Defendant. | Case No. CR09-0016 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 28th day of May, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Michael M. Lindeman.

## RELEVANT FACTS

On April 14, 2009, Defendant Tracy Moorehead was charged by Indictment (docket number 3) with one count of conspiracy to distribute crack cocaine (Count 1) and one count of distribution and aiding and abetting the distribution of crack cocaine (Count 5). At his arraignment on May 26, 2009, Defendant entered a plea of not guilty to both counts. Trial is scheduled before Chief Judge Linda R. Reade on July 27, 2009.

DEA Task Force Officer Steven Warner testified regarding the facts underlying the instant charges. On March 28, 2008 and again on April 14, 2008, an undercover officer and a confidential informant purchased crack cocaine from Timothy Paul Jones, a co-

1

Defendant.[1] On July 1, 2008, the undercover officer made arrangements to meet with Jones in the Hy-Vee parking lot to purchase additional crack cocaine. Jones got in the undercover officer's vehicle and delivered one ounce of crack cocaine. Jones then asked the undercover officer if she wanted to meet his cousin. Jones then went back to his vehicle and Defendant came over and got into the undercover officer's car. The undercover officer then paid Defendant for the crack cocaine. In addition, the undercover officer and Defendant exchanged phone numbers for possible future sales.[2] Jones has reported to law enforcement officers that Defendant was the source of the crack cocaine which he delivered on March 28, April 14, and July 1.

According to the pretrial services report, Defendant is 36 years old and resides with his mother in Chicago. Defendant has never been married, but has five children from four different relationships. The children all live in the Chicago area. Defendant graduated from high school in 1990 and attended DeVry College in Chicago for a year and a half, but quit due to financial reasons. Defendant is unemployed and has apparently not worked for at least five years.

Defendant suffered two heart attacks in 2008 and told the pretrial services officer that he had five stents placed near his heart. Defendant does not have any other significant medical or mental health history. According to the pretrial services report, Defendant "started to use marijuana when he was 17 years old and has smoked it on a daily basis ever since."

Defendant has a criminal history dating back to 1991, when he was placed on probation in Cook County, Illinois, for unlawful use of weapons. Defendant was later found in violation of his probation. In 1996, Defendant failed to appear in Cook County on a charge of possession of a controlled substance. A warrant was issued for Defendant's

---

[1] Jones is charged in Counts 2 and 3 of the Indictment with distribution of crack cocaine as a result of the controlled purchases on March 28 and April 14.

[2] The controlled purchase on July 1, 2008 is the basis for Count 5 of the Indictment.

arrest. In 2000, Defendant was convicted in Linn County, Iowa, of interference with official acts.

In 2005, Defendant was convicted in Linn County of possession of a controlled substance. In May 2005, Defendant was charged in Cook County with driving under the influence of alcohol. According to the pretrial services report, Defendant failed to appear for court proceedings in that case on seven occasions.

In August 2005, Defendant was charged in Cook County with manufacture/delivery of 15 to 100 grams of cocaine. Defendant failed to appear on December 8, 2005 and a warrant was issued for his arrest. In October 2006, Defendant was sentenced to serve four years in prison. He was paroled on April 12, 2007, however, and was discharged from parole two years later. While the manufacture/delivery charge was pending, Defendant was also arrested and later convicted of possession of cannabis.

In June 2007, approximately two months after being paroled in Illinois, Defendant was charged and later convicted in Johnson County, Iowa, of operating while under the influence. In 2008, Defendant was convicted twice of driving while his license was suspended. Defendant was charged twice in 2009 with driving while barred, and those charges are still pending. According to the pretrial services report, Defendant has failed to appear for court proceedings on 14 occasions and there is currently an active warrant in Effingham County, Illinois, for failure to appear on a driving on a suspended license charge.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute crack cocaine and distribution and aiding and abetting the distribution of crack cocaine, which are offenses found in § 3142(f)(1). In this case, the Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's

4

evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute crack cocaine and distribution and aiding and abetting the distribution of crack cocaine. An undercover officer will testify that Defendant was directly involved in a controlled buy which occurred on July 1, 2008. Accordingly, the weight of the evidence would appear to be strong. Although Defendant's girlfriend lives in Cedar Rapids, he primarily resides in Chicago and does not have any substantial ties to this community. Defendant has been unemployed for at least five years and admits using marijuana on a daily basis. Defendant has a substantial criminal record, with a history of failing to appear at court proceedings. Defendant was on parole in Illinois on a charge of manufacture/delivery of cocaine when he allegedly participated in the controlled sale of crack cocaine on July 1, 2008.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by

the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 26, 2009) to the filing of this Ruling (May 29, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 29th day of May, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA